USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.P. Morgan Securities LLC,

                                  Plaintiff,

        -against-

Steven M. Mariano,

                                  Defendant.

1:17-cv-01080 (GBD) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff, J.P. Morgan Securities LLC ("JPMS"), moves to compel production of documents by Defendant, Steven M. Mariano ("Mariano"), in response to Request Nos. 1 to 7 in JPMS's Second Request for Production of Documents, and to compel a response by Mariano to JPMS's Interrogatory No. 7. A telephone conference was held on January 22, 2018. For the following reasons, JPMS's motion is granted, subject to the modifications below.

## BACKGROUND

This is a breach of contract action arising out of defendant Mariano's failure to pay a placement fee (and reimbursement of third party expenses) to JPMS in connection with Mariano's engagement of JPMS as placement agent for the sale of shares Mariano owned in Patriot National, Inc., a company of which he is the President and Chief Executive Officer.[1] Mariano has asserted counterclaims against JPMS for fraud in the inducement, breach of the placement agent agreement and conspiracy to defraud. (Mariano's Amended Counterclaim, ECF

---

[1] This action is related to two actions currently pending before this Court, captioned *Hudson Bay Master Fund Ltd. v. Patriot National, Inc. et al.*, No. 16-cv-02767 (GBD) (SDA), and *CVI Investments, Inc. v. Patriot National, Inc.*, No. 16-cv-02787 (GBD) (SDA).

No. 48.) Mariano estimates the damages on his counterclaims "to be in excess of $100 million." (Response to Interrogatory No. 7, ECF No. 58-2.) In his counterclaims, Mariano alleges that he "never would have entered into the PIPE transaction[2] had he known [JPMS's] representations were false." (Mariano's Amended Counterclaim, ¶ 92.)

**Document Request Nos. 1 to 7**

During discovery, in connection with Mariano's counterclaims, JPMS served Document Request Nos. 1 to 7,[3] which JPMS asserts are "specifically targeted to explore whether and to what extent Mariano was motivated by a need to fund various personal loan obligations and/or business investments at the time of the PIPE transaction." (JPMS Letter-Motion, ECF no. 58, at 2.) JPMS argues that Mariano's motivations "go directly to the issues of causation and reliance that are at the heart of Mariano's fraud (and other) claims." (*Id*.) Mariano objected to each of Request Nos. 1 to 7 "as not relevant to any party's claim or defense and not proportional to the needs of the case." (Ex. 1 to JMPS Letter-Motion, ECF No. 58-1.) By the instant motion, JPMS seeks to compel production of documents in response to Request Nos. 1 to 7.

In response, although Mariano continues to assert his relevance and proportionality objections, Mariano admitted a "negligible benefit" of the document discovery sought. (Mariano Response to Letter-Motion, ECF No. 59, at 2.) Mariano also asserts, in a subsequent letter to the Court, that the documents sought by JPMS in Request Nos. 1 to 7 contain "highly sensitive financial information" of Mariano, and that, as a Florida resident, he "has a legitimate

---

[2] The transaction as to which JPMS acted as placement agent was a so-called "PIPE" transaction, *i.e.*, private investment in public equity transaction.

[3] Request Nos. 1 to 7 are contained in Ex. 1 to JPMS's Letter-Motion. (ECF No. 58-1.) They generally relate to Mariano's financial condition and his need for the proceeds from the PIPE transaction.

expectation of privacy in his personal financial records as guaranteed under the Florida Constitution." (Mariano Letter-Motion, ECF No. 63, at 1-2.)[4]

**Interrogatory No. 7**

JPMS's Interrogatory No. 7 seeks the damages sought on Mariano's counterclaims, including "(a) each category of such claimed damages; (b) the computation of each such category of damages; and (c) the existence, custodian, location and general description of documents which [Mariano] contends support the claim for such damages." (Ex. 2 to JPMS Letter-Motion, ECF No. 58-2.) In response, Mariano estimates his damages to be in excess of $100 million, but states that he "need not provide a final computation of damages at this time." (*Id*.) In response to JPMS's motion to compel a response to Interrogatory No. 7, Mariano asserts that the "additional detail being requested now is premature," since Mariano's expert reports will provide the information sought and JPMS will have the opportunity to take expert depositions. (Mariano Response to Letter-Motion, ECF No. 59, at 3.)

**DISCUSSION**

**I.      Document Request Nos. 1 to 7**

Mariano asserts three objections to producing documents in response to Document Request Nos. 1 to 7: (1) relevance; (2) proportionality; and (3) privacy rights, which will be considered in turn.

---

[4] By Order dated January 17, 2018, the Court indicated to the parties its intention to decide the discovery disputes between the parties "based on the parties' letters and matters discussed during the conference, unless a party shows – by separate application – good cause why more formal briefing should be required." (ECF No. 61.) Thereafter, Mariano filed a Letter-Motion as to "why more formal briefing should be required" (ECF No. 63), and JPMS opposed. (ECF No. 64.) The Court granted the Letter-Motion by accepting the content of Mariano's Letter-Motion and JPMS's response as supplemental briefing. (ECF No. 65.) During the telephone conference, the parties stated that no further briefing was required.

First, with respect to relevance, the scope of discovery in the federal courts is quite broad. See, *e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). Moreover, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

The Court finds that Request Nos. 1 to 7 seek documents that are relevant to Mariano's counterclaims. The documents sought relate to Mariano's allegations of reliance and whether he had reasons other than the representations allegedly made by JPMS to go forward with the PIPE transaction.

Second, with respect to proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, Mariano is seeking in excess of $100 million on his counterclaims, and the documents sought are in his control. Moreover, the time period covered by the document requests is limited to a three-month period around the time of the PIPE transaction. Nonetheless, in order to lessen the burden on Mariano, the Court limits the scope of two of the requests, as follows:

1. Request No. 6 asks for "[d]ocuments relating to Mariano's cash on hand in December 2015." This request is overbroad. The Court grants JPMS's motion to compel with

4

regard to Request No. 6 only to the extent of requiring production of "documents sufficient to show Mariano's cash on hand in December 2015."

2. Request No. 7 asks for "[d]ocuments sufficient to show any of Mariano's outstanding loan obligations." In its reply submission, JPMS clarifies that it is not seeking documents relating to minor credit obligations. (ECF No. 60.) The Court grants JPMS's motion to compel with regard to Request No. 7 only to the extent of requiring production of "documents sufficient to show Mariano's outstanding loan obligations, excluding minor credit obligations."

Third, with respect to privacy rights, JPMS has stated that it is not seeking Mariano's tax returns. Thus, the case law in this Circuit regarding the heightened showing required for obtaining tax returns (*e.g.*, *Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 149-50 (E.D.N.Y. 2008), cited by Mariano in ECF No. 63) is inapposite. Moreover, the Court finds that any privacy rights that Mariano has with respect to documents produced in response to Request Nos. 1 to 7 are adequately protected by the Protective Order entered in this action. (*See* ECF No. 42.) Even assuming, *arguendo*, that the Florida Constitution somehow limits his obligation to produce financial information,[5] Mariano waived this argument when he failed to object on this ground when responding to Document Request Nos. 1 to 7. (*See* ECF No. 58-1.) In addition, Mariano impliedly waived any such protections by asserting counterclaims in this Court. *Cf. In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("This court has recognized that implied waiver

---

[5] Article I, Section 2, of the Florida Constitution provides in relevant part: "Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein."

5

may be found where the privilege holder asserts a claim that in fairness requires examination of protected communications.") (citation and internal quotation omitted).

II.     **Interrogatory No. 7**

Interrogatory No. 7 seeks categories of damages and a computation of each category of damages alleged. This interrogatory is based upon Local Civil Rule 33.3(a), which provides as follows:

> Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

Mariano provided some information regarding damages, but asserted that a further response was premature. Rule 33.3(a) speaks to what is allowed by way of interrogatories "at the commencement of discovery." Thus, Mariano's argument that Interrogatory No. 7 is premature is not well founded. JPMS is entitled to a response now to Interrogatory No. 7 so that it knows the various categories of damages that comprise the over $100 million of damages alleged by Mariano, and the computation of each category of damages. *See Trilegiant v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010) (interrogatory seeking computation of damages was "appropriate and timely under Local Civil Rule 33.3(a) and Rule 26 of the Federal Rules of Civil Procedure").

**CONCLUSION**

For the foregoing reasons, JPMS's motion to compel is granted, as modified. It is hereby Ordered that Mariano shall:

1. produce documents in response to Request Nos. 1, 2, 3, 4 and 5;

2. in response to Request No. 6, produce documents sufficient to show Mariano's cash on hand in December 2015;

3. in response to Request No. 7, produce documents sufficient to show Mariano's outstanding loan obligations, excluding minor credit obligations; and

4. provide a supplemental response to Interrogatory No. 7 delineating the categories of damages and a computation of each category of damages alleged.

**SO ORDERED.**

DATED:   New York, New York
         January 22, 2018

_____
STEWART D. AARON
United States Magistrate Judge